FILED

1 | DANA A. KRAVETZ, ESQ. (SBN 179718)
2 | dkravetz@mrllp.com
W. SPENCER HAMER, III, ESQ. (SBN 216241)
3 | shamer@mrllp.com
MEGAN E. ROSS, ESQ. (SBN 227776)
4 | mross@mrllp.com
5 | **MICHELMAN & ROBINSON, LLP**
15760 Ventura Boulevard, 5th Floor
6 | Encino, California 91436
Tel: (818) 783-5530; Fax: (818) 783-5507
7 |
8 | Attorneys for Defendant,
PAYCHEX NORTH AMERICA, INC.
9 |

2012 OCT 18  PM 12: 34

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

10 | **UNITED STATES DISTRICT COURT**

11 | **CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

12 |

13 | LASHAN EPPERSON, an individual,    CASE NO.:   **01807** VAP (DTBx)

14 |

15 |                Plaintiff,    **DECLARATION OF MEGAN E. ROSS**

16 |      vs.

17 | PAYCHEX NORTH AMERICA,    (Removed From:
18 | INC., a Delaware corporation doing    Riverside County Superior Court
business in California; DAVID    Case No.: RIC 1207053
19 | DARE, an individual and DOES 1-50,    Dept. 04 – Case Management
20 | inclusive,    Dept. 02 – Law and Motion)

21 |                Defendants.

22 |

23 |

24 | **DECLARATION OF MEGAN E. ROSS**

25 |      I, Megan Ross, declare as follows:

26 |      1.    I am an attorney-at-law duly licensed to practice before all courts of

27 | the State of California and I am an associate at the law firm of Michelman &

28 | Robinson, LLP, attorneys of record for Defendant herein.   The facts set forth

1

142986

1  below are of my personal knowledge and if properly called to testify as a witness,

2  I could and would competently testify thereto.

3      2.      Attached hereto as Exhibit "1" are true and correct copies of

4  Defendant's Request for Admissions, Set One that I served on Plaintiff on

5  September 6, 2012, as well as Plaintiff's verified Responses thereto, which I

6  received on October 15, 2012.

7      3.      Attached hereto as Exhibit "2" are true and correct copies of

8  Defendant's Form Interrogatories, that I served on Plaintiff on September 6,

9  2012, as well as Plaintiff's verified Responses thereto, which I received on

10  October 15, 2012.

11      I declare under penalty of perjury under the laws of the United States of

12  America that the foregoing is true and correct.

13

14  Executed this $\underline{17}$ th day of October, 2012, at Irvine, California.

15

16  _____

17  **MEGAN E. ROSS**

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF MEGAN E. ROSS

142986

**EXHIBIT 1**

1  DANA A. KRAVEZ, ESQ. (SBN 179718)
   W. SPENCER HAMER, III, ESQ. (SBN 182107)
2  MEGAN E. ROSS, ESQ. (SBN 227776)
   **MICHELMAN & ROBINSON, LLP**
3  15760 Ventura Boulevard, 5th Floor
   Encino, CA 91436
4  Tel:  818-783-5530
   Fax:  818-783-5507
5
6  Attorneys for Defendant
   PAYCHEX NORTH AMERICA, INC.
7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                          **COUNTY OF RIVERSIDE**

10

11  LASHAN EPPERSON, an individual,        Case No.: RIC 1207053
                                           Assigned for all purposes to the Honorable
12          Plaintiff,                     Pamela A. Thatcher
                                           Dept.: 04
13
      vs.
14
15  PAYCHEX NORTH AMERICA, INC., a    **DEFENDANT PAYCHEX NORTH**
    Delaware corporation doing business in  **AMERICA, INC.'S REQUEST FOR**
16  California; DAVID DARE, an individual;  **ADMISSIONS, SET ONE, TO**
    and DOES 1 - 50, inclusive,        **PLAINTIFF LASHAN EPPERSON**
17
18          Defendants.
                                       Complaint Filed:  May 10, 2012
19                                     Trial Date:  None set

20

21

22  **PROPOUNDING PARTY:**     **PAYCHEX NORTH AMERICA, INC.**

23  **RESPONDING PARTY:**      **LASHAN EPPERSON**

24  **SET NUMBER:**            **ONE**

25       TO PLAINTIFF AND HER COUNSEL OF RECORD:

26       You are hereby requested to admit within 30 days after service of these Requests for

27  Admission, that each of the following statements enumerated below are true and accurate.

28  California Code of Civil Procedure § 2033.220 set forth, in pertinent part:

                                         1
       **DEFENDANT PAYCHEX NORTH AMERICA, INC.'S REQUEST FOR ADMISSIONS, SET ONE, TO**
                            **PLAINTIFF LASHAN EPPERSON**

1    (a)     Each answer in a response to requests for admission shall be as complete and

2    straightforward as the information reasonably available to the responding party permits.

3    (b)     Each answer shall:

4         (1)     Admit so much of the matter involved in the request as is true, either as

5    expressed in the request itself or as reasonably and clearly qualified by the responding

6    party.

7         (2)     Deny so much of the matter involved in the request as is untrue.

8         (3)     Specify so much of the matter involved in the request as to the truth of

9    which the responding party lacks sufficient information or knowledge.

10   (c)     If a responding party gives lack of information or knowledge as a reason for a

11   failure to admit all or part of a request for admission, that party shall state in the answer that a

12   reasonable inquiry concerning the matter in the particular request has been made, and that the

13   information known or readily obtainable is insufficient to enable that party to admit the matter.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1.:**

Admit that you are a citizen of the U.S.A.

**REQUEST FOR ADMISSION NO. 2.:**

Admit that you are a citizen of California as the term "citizen" is used in 28 USC § 1332.

**REQUEST FOR ADMISSION NO. 3.:**

Admit that you are domiciled in California.

**REQUEST FOR ADMISSION NO. 4.:**

Admit that you reside in California.

**REQUEST FOR ADMISSION NO. 5.:**

Admit that you intend to remain residing in California.

**REQUEST FOR ADMISSION NO. 6.:**

Admit that you do not intend to return to residing in a location outside of California.

2

**DEFENDANT PAYCHEX NORTH AMERICA, INC.'S REQUEST FOR ADMISSIONS, SET ONE, TO PLAINTIFF LASHAN EPPERSON**

141238

**REQUEST FOR ADMISSION NO. 7.:**

Admit that you have taken no steps toward establishing a new residence outside of California since the May 10, 2012 filing of the complaint in this matter.

**REQUEST FOR ADMISSION NO. 8.:**

Admit that you have taken no steps toward returning to a prior residence outside of California.

**REQUEST FOR ADMISSION NO. 9.:**

Admit that you contend that more than $75,000 is in controversy in this lawsuit.

**MICHELMAN & ROBINSON, LLP**

Dated: September 7, 2012          By: _____

Dana A. Kravetz, Esq.
Spencer Hamer, Esq.
Megan E. Ross, Esq.
Attorneys for Defendant PAYCHEX NORTH AMERICA, INC.

DEFENDANT PAYCHEX NORTH AMERICA, INC.'S REQUEST FOR ADMISSIONS, SET ONE, TO PLAINTIFF LASHAN EPPERSON

141238

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18, and not a party to the within action.  My business address is 17901 Von Karman Ave., 10th Floor, Irvine, CA 92614.

     On September 7, 2012, I served the foregoing document(s) described as: **DEFENDANT PAYCHEX NORTH AMERICA, INC.'S REQUEST FOR ADMISSIONS, SET ONE, TO PLAINTIFF LASHAN EPPERSON** on the interested parties by placing a true copy thereof in a sealed envelope(s) addressed as follows:

Don D. Sessions, Esq.
Michael C. Robinson, Esq.
SESSIONS & KIMBALL, LLP
23456 Madero, Suite 170
Mission Viejo, CA 92691
T: 949.380.0900 | F: 949.380.8283
Email: dds@job-law.com
Email: mcr@job-law.com

☒    (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California.  I am readily familiar with the practice of Michelman & Robinson LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is scheduled for collection.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    (BY PERSONAL SERVICE)  I delivered to an authorized courier or driver authorized by ASAP Corporate Services to receive documents to be delivered on the same date.  A proof of service signed by the authorized courier will be maintained in this office and available for inspection upon reasonable demand.

☐    (BY OVERNIGHT MAIL) I am readily familiar with the practice of Michelman & Robinson LLP for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express/United Postal Service/Overnite Express in Irvine, CA for overnight delivery.

☐    (BY FACSIMILE WHERE INDICATED)  The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error.  Pursuant to C.R.C. 2009(I), I caused the transmitting facsimile machine to issue a transmission report, a copy of which is maintained in this office and is available for inspection upon reasonable demand.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on September 7, 2012, at Irvine, California.

Mary Ann Rosada

1

**PROOF OF SERVICE**

137038

1    **SESSIONS & KIMBALL LLP**
     **Attorneys at Law**
2    Michael C. Robinson, State Bar No. 233914
3    23456 Madero, Suite 170
     Mission Viejo, California  92691
4    Tel: (949) 380-0900
     Fax: (949) 380-8283
5    Email: mcr@job-law.com

6    Attorneys for PLAINTIFF
     LASHAN EPPERSON
7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF RIVERSIDE

10

11

12   LASHAN EPPERSON, an individual,        )  CASE NO.: RIC1207053
                                            )  Assigned for all purposes to the Honorable
13                                          )  Judge: Pamela A. Thatcher
                        PLAINTIFF,          )  Dept.: 04
14                                          )
         v.                                 )  **PLAINTIFF, LASHAN EPPERSON'S**
15                                          )  **RESPONSES TO REQUEST FOR**
     PAYCHEX NORTH AMERICA, INC., a         )  **ADMISSIONS, SET ONE,**
16   Delaware corporation doing business in )  **PROPOUNDED BY PAYCHEX NORTH**
     California; DAVID DARE, an individual; )  **AMERICA, INC.**
17   and DOES 1-50, inclusive,              )
                                            )
18                                          )  Complaint filed: March 23, 2012
                                            )  Trial:        Not yet set
19                      DEFENDANTS.         )
                                            )
20   _____)

21   Propounding Parties:      PAYCHEX NORTH AMERICA, INC.,

22   Responding Parties:       LASHAN EPPERSON

23   Set Number:               ONE (1)

24

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 1**

26

27       Objection: Inquires into the citizenship of an employee in a civil dispute with her

28   employer is prohibited. (See Cal. Labor Code § 1171.5(b) and Cal. Civil Code § 3339(a).)

                                         -1-
     **EPPERSON'S RESPONSES TO PAYCHEX'S REQUEST FOR ADMISSIONS, SET ONE**

**RESPONSE TO REQUEST FOR ADMISSION NO. 2**

  Objection: Inquires into the citizenship of an employee in a civil dispute with her employer is prohibited. (See Cal. Labor Code § 1171.5(b) and Cal. Civil Code § 3339(a).)

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**

  Admit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**

  Admit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5**

  Admit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6**

  Admit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7**

  Admit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**

  Admit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9**

  Admit.

DATED:  October 12, 2012      SESSIONS & KIMBALL LLP

By_____
Michael C. Robinson, Esq.
Attorney for Plaintiff,
LASHAN EPPERSON

- 2 -

## VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF** RIVERSIDE

I have read the foregoing Plaintiff's Responses to Request for Admissions, Set One Propounded by Paychex North America, Inc. and know its contents.

### CHECK APPLICABLE PARAGRAPHS

[ X ]   I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I am :  [  ] an Officer [  ] a partner _____ [ __ ] a _____ _____ of _____

[  ] a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. [  ] I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. [  ] The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[  ]   I am one of the attorneys for _____ _____ _____ _____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true

Executed on  October 15, 2012 , at   Corona , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Lashan Epperson
_____
Type or Print Name                                                     Signature

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

**STATE OF CALIFORNIA, COUNTY OF**

I am employed in the county of _____ _____ , State of California.

I am over the age of 18 and not a party to the within action; my business address is: _____

_____ _____ _____ _____

On, _____ , I served the foregoing document described as _____

_____ _____ _____ _____

_____ _____ on _____ _____ in this action

by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

by placing    the original    a true copy thereof enclosed in sealed envelopes addressed as follows

**BY MAIL**

*I deposited such envelope in the mail at _____ , California

The envelope was mailed with postage thereon fully prepaid.

As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____ , at _____ , California.

**(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee

Executed on _____ , at _____ , California

(State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct

(Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____ _____
Type or Print Name                                                     Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT BOX OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
& Plus                          Rev. 7/99

**PROOF OF SERVICE**

<u>LaShan Epperson v. Paychex North America Inc., et al</u>
Riverside Superior Court Case No. RIC1207053

I, Crystal Byrum, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 23456 Madero, Suite 170, Mission Viejo, CA 92691. On October 12, 2012, I served the within document(s):

**PLAINTIFF, LASHAN EPPERSON'S RESPONSES TO DEFENDANT, PAYCHEX NORTH AMERICA, INC.'S REQUEST FOR ADMISSIONS, SET ONE**

☐   **E-MAIL:** By transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☒   **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐   **REGULAR U.S. MAIL:** Each such envelope was deposited with the U.S. Postal Service at Mission Viejo, California, with first class postage thereon fully prepaid.

☐   **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Mission Viejo, California, with Express Mail postage paid.

☐   **PERSONAL SERVICE:** By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Megan Ross, Esq.
MICHELMAN & ROBINSON        [Counsel for Defendant **PAYCHEX**
17901 Von Karman Avenue, 10th Floor    **NORTH AMERICA INC.**]
Irvine, CA 92614
**T** 714.557.7990   **F** 714.557.7991
**E** mross@mrllp.com   www.mrllp.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on October 12, 2012, at Mission Viejo, California.

CRYSTAL BYRUM

1

**PROOF OF SERVICE**

**EXHIBIT 2**

DISC-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): |
|---|

SPENCER HAMER, ESQ. (SBN 182107)
MEGAN E. ROSS, ESQ. (SBN 227776)
MICHELMAN & ROBINSON, LLP
  15760 Ventura Blvd., 5th Floor, Encino, CA 91436
TELEPHONE NO.:  (818) 783-5530
FAX NO. (Optional):  (818) 783-5507
E-MAIL ADDRESS (Optional):  shamer@mrllp.com; mross@mrllp.com
ATTORNEY FOR (Name):  Defendants Paychex North America, Inc.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA 92501

SHORT TITLE OF CASE:
LaShan Epperson v. Paychex North America, Inc., et al.

| FORM INTERROGATORIES—GENERAL | CASE NUMBER: |
|---|---|
| Asking Party: Defendant Paychex North America, Inc.<br><br>Answering Party: Plaintiff LaShan Epperson<br>Set No.: One | RIC 1207053 |

**Sec. 1. Instructions to All Parties**

(a)  Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b)  For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c)  These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

**Sec. 2. Instructions to the Asking Party**

(a)  These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, Form Interrogatories—Limited Civil Cases (Economic Litigation) (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b)  Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c)  You may insert your own definition of **INCIDENT** in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d)  The interrogatories in section 16.0, Defendant's Contentions–Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e)  Additional interrogatories may be attached.

**Sec. 3. Instructions to the Answering Party**

(a)  An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b)  As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c)  Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d)  If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e)  Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f)  Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g)  If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h)  Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

  *I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____       _____
        *(DATE)*                            *(SIGNATURE)*

**Sec. 4. Definitions**

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

  [✓] (1)  **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Page 1 of 8

Form Approved for Optional Use
Judicial Council of California
DISC-001 [Rev. January 1, 2008]

**FORM INTERROGATORIES—GENERAL**

Code of Civil Procedure,
§§ 2030.010-2030.410, 2033.710
www.courtinfo.ca.gov

☐ **(2)  INCIDENT** means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):*

**(b) YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

**(c) PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

**(d) DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

**(e) HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

**(f) ADDRESS** means the street address, including the city, state, and zip code.

### Sec. 5.  Interrogatories

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

### CONTENTS

1.0 Identity of Persons Answering These Interrogatories
2.0 General Background Information—Individual
3.0 General Background Information—Business Entity
4.0 Insurance
5.0 *[Reserved]*
6.0 Physical, Mental, or Emotional Injuries
7.0 Property Damage
8.0 Loss of Income or Earning Capacity
9.0 Other Damages
10.0 Medical History
11.0 Other Claims and Previous Claims
12.0 Investigation—General
13.0 Investigation—Surveillance
14.0 Statutory or Regulatory Violations
15.0 Denials and Special or Affirmative Defenses
16.0 Defendant's Contentions Personal Injury
17.0 Responses to Request for Admissions
18.0 *[Reserved]*
19.0 *[Reserved]*
20.0 How the Incident Occurred—Motor Vehicle
25.0 *[Reserved]*
30.0 *[Reserved]*
40.0 *[Reserved]*
50.0 Contract
60.0 *[Reserved]*
70.0 Unlawful Detainer *[See separate form DISC-003]*
101.0 Economic Litigation *[See separate form DISC-004]*
200.0 Employment Law *[See separate form DISC-002]*
     Family Law *[See separate form FL-145]*

**DISC-001**

### 1.0 Identity of Persons Answering These Interrogatories

☑ 1.1 State the name, **ADDRESS,** telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. *(Do not identify anyone who simply typed or reproduced the responses.)*

### 2.0 General Background Information—Individual

☑ 2.1 State:
(a) your name;
(b) every name you have used in the past; and
(c) the dates you used each name.

☑ 2.2 State the date and place of your birth.

☑ 2.3 At the time of the **INCIDENT,** did you have a driver's license? If so state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☑ 2.4 At the time of the **INCIDENT,** did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☑ 2.5 State:
(a) your present residence **ADDRESS;**
(b) your residence **ADDRESSES** for the past five years; and
(c) the dates you lived at each **ADDRESS.**

☑ 2.6 State:
(a) the name, **ADDRESS,** and telephone number of your present employer or place of self-employment; and
(b) the name, **ADDRESS,** dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

☑ 2.7 State:
(a) the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
(b) the dates you attended;
(c) the highest grade level you have completed; and
(d) the degrees received.

☑ 2.8 Have you ever been convicted of a felony? If so, for each conviction state:
(a) the city and state where you were convicted;
(b) the date of conviction;
(c) the offense; and
(d) the court and case number.

☑ 2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

☑ 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

DISC-001

☑ 2.11 At the time of the **INCIDENT** were you acting as an agent or employee for any **PERSON?** If so, state:
(a) the name, **ADDRESS,** and telephone number of that **PERSON:** and
(b) a description of your duties.

☑ 2.12 At the time of the **INCIDENT** did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the **INCIDENT?** If so, for each person state:
(a) the name, **ADDRESS,** and telephone number;
(b) the nature of the disability or condition; and
(c) the manner in which the disability or condition contributed to the occurrence of the **INCIDENT.**

☑ 2.13 Within 24 hours before the **INCIDENT** did you or any person involved in the **INCIDENT** use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
(a) the name, **ADDRESS,** and telephone number;
(b) the nature or description of each substance;
(c) the quantity of each substance used or taken;
(d) the date and time of day when each substance was used or taken;
(e) the **ADDRESS** where each substance was used or taken;
(f) the name, **ADDRESS,** and telephone number of each person who was present when each substance was used or taken; and
(g) the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

## 3.0 General Background Information—Business Entity

☐ 3.1 Are you a corporation? If so, state:
(a) the name stated in the current articles of incorporation;
(b) all other names used by the corporation during the past 10 years and the dates each was used;
(c) the date and place of incorporation;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

☐ 3.2 Are you a partnership? If so, state:
(a) the current partnership name;
(b) all other names used by the partnership during the past 10 years and the dates each was used;
(c) whether you are a limited partnership and, if so, under the laws of what jurisdiction;
(d) the name and **ADDRESS** of each general partner; and
(e) the **ADDRESS** of the principal place of business.

☐ 3.3 Are you a limited liability company? If so, state:
(a) the name stated in the current articles of organization;
(b) all other names used by the company during the past 10 years and the dates each was used;
(c) the date and place of filing of the articles of organization;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

☐ 3.4 Are you a joint venture? If so, state:
(a) the current joint venture name;
(b) all other names used by the joint venture during the past 10 years and the dates each was used;
(c) the name and **ADDRESS** of each joint venturer; and
(d) the **ADDRESS** of the principal place of business.

☐ 3.5 Are you an unincorporated association?
If so, state:
(a) the current unincorporated association name;
(b) all other names used by the unincorporated association during the past 10 years and the dates each was used; and
(c) the **ADDRESS** of the principal place of business.

☐ 3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
(a) the name;
(b) the dates each was used;
(c) the state and county of each fictitious name filing; and
(d) the **ADDRESS** of the principal place of business.

☐ 3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:
(a) identify the license or registration;
(b) state the name of the public entity; and
(c) state the dates of issuance and expiration.

## 4.0 Insurance

☐ 4.1 At the time of the **INCIDENT,** was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, for each policy state:
(a) the kind of coverage;
(b) the name and **ADDRESS** of the insurance company;
(c) the name, **ADDRESS,** and telephone number of each named insured;
(d) the policy number;
(e) the limits of coverage for each type of coverage contained in the policy;
(f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
(g) the name, **ADDRESS,** and telephone number of the custodian of the policy.

☐ 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, specify the statute.

## 5.0 *[Reserved]*

## 6.0 Physical, Mental, or Emotional Injuries

☐ 6.1 Do you attribute any physical, mental, or emotional injuries to the **INCIDENT?** *(If your answer is "no," do not answer interrogatories 6.2 through 6.7).*

☐ 6.2 Identify each injury you attribute to the **INCIDENT** and the area of your body affected.

DISC-001

**6.3** Do you still have any complaints that you attribute to the **INCIDENT?** If so, for each complaint state:
(a) a description;
(b) whether the complaint is subsiding, remaining the same, or becoming worse; and
(c) the frequency and duration.

**6.4** Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **INCIDENT?** If so, for each **HEALTH CARE PROVIDER** state:
(a) the name, **ADDRESS,** and telephone number;
(b) the type of consultation, examination, or treatment provided;
(c) the dates you received consultation, examination, or treatment; and
(d) the charges to date.

**6.5** Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **INCIDENT?** If so, for each medication state:
(a) the name;
(b) the **PERSON** who prescribed or furnished it;
(c) the date it was prescribed or furnished;
(d) the dates you began and stopped taking it; and
(e) the cost to date.

**6.6** Are there any other medical services necessitated by the injuries that you attribute to the **INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a) the nature;
(b) the date;
(c) the cost; and
(d) the name, **ADDRESS,** and telephone number of each provider.

**6.7** Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **INCIDENT?** If so, for each injury state:
(a) the name and **ADDRESS** of each **HEALTH CARE PROVIDER;**
(b) the complaints for which the treatment was advised; and
(c) the nature, duration, and estimated cost of the treatment.

**7.0 Property Damage**

**7.1** Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT?** If so, for each item of property:
(a) describe the property;
(b) describe the nature and location of the damage to the property;

(c) state the amount of damage you are claiming for each item of property and how the amount was calculated; and
(d) if the property was sold, state the name, **ADDRESS,** and telephone number of the seller, the date of sale, and the sale price.

**7.2** Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a) the name, **ADDRESS,** and telephone number of the **PERSON** who prepared it and the date prepared;
(b) the name, **ADDRESS,** and telephone number of each **PERSON** who has a copy of it; and
(c) the amount of damage stated.

**7.3** Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:
(a) the date repaired;
(b) a description of the repair;
(c) the repair cost;
(d) the name, **ADDRESS,** and telephone number of the **PERSON** who repaired it;
(e) the name, **ADDRESS,** and telephone number of the **PERSON** who paid for the repair.

**8.0 Loss of Income or Earning Capacity**

**8.1** Do you attribute any loss of income or earning capacity to the **INCIDENT?** *(If your answer is "no," do not answer interrogatories 8.2 through 8.8).*

**8.2** State:
(a) the nature of your work;
(b) your job title at the time of the **INCIDENT;** and
(c) the date your employment began.

**8.3** State the last date before the **INCIDENT** that you worked for compensation.

**8.4** State your monthly income at the time of the **INCIDENT** and how the amount was calculated.

**8.5** State the date you returned to work at each place of employment following the **INCIDENT.**

**8.6** State the dates you did not work and for which you lost income as a result of the **INCIDENT.**

**8.7** State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

**8.8** Will you lose income in the future as a result of the **INCIDENT?** If so, state:
(a) the facts upon which you base this contention;
(b) an estimate of the amount;
(c) an estimate of how long you will be unable to work; and
(d) how the claim for future income is calculated.

DISC-001

## 9.0 Other Damages

**9.1** Are there any other damages that you attribute to the **INCIDENT?** If so, for each item of damage state:
(a) the nature;
(b) the date it occurred;
(c) the amount; and
(d) the name, **ADDRESS,** and telephone number of each **PERSON** to whom an obligation was incurred.

**9.2** Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

## 10.0 Medical History

**10.1** At any time before the **INCIDENT** did you have complaints or injuries that involved the same part of your body claimed to have been injured in the **INCIDENT?** If so, for each state:

(a) a description of the complaint or injury;
(b) the dates it began and ended; and
(c) the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** whom you consulted or who examined or treated you.

**10.2** List all physical, mental, and emotional disabilities you had immediately before the **INCIDENT.** *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)*

**10.3** At any time after the **INCIDENT,** did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:

(a) the date and the place it occurred;
(b) the name, **ADDRESS,** and telephone number of any other **PERSON** involved;
(c) the nature of any injuries you sustained;
(d) the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** who you consulted or who examined or treated you; and
(e) the nature of the treatment and its duration.

## 11.0 Other Claims and Previous Claims

☑ **11.1** Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:

(a) the date, time, and place and location (closest street **ADDRESS** or intersection) of the **INCIDENT** giving rise to the action, claim, or demand;
(b) the name, **ADDRESS,** and telephone number of each **PERSON** against whom the claim or demand was made or the action filed;

(c) the court, names of the parties, and case number of any action filed;
(d) the name, **ADDRESS,** and telephone number of any attorney representing you;
(e) whether the claim or action has been resolved or is pending; and
(f) a description of the injury.

☑ **11.2** In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:

(a) the date, time, and place of the **INCIDENT** giving rise to the claim;
(b) the name, **ADDRESS,** and telephone number of your employer at the time of the injury;
(c) the name, **ADDRESS,** and telephone number of the workers' compensation insurer and the claim number;
(d) the period of time during which you received workers' compensation benefits;
(e) a description of the injury;
(f) the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who provided services, and
(g) the case number at the Workers' Compensation Appeals Board.

## 12.0 Investigation—General

**12.1** State the name, **ADDRESS,** and telephone number of each individual:

(a) who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT;**
(b) who made any statement at the scene of the **INCIDENT;**
(c) who heard any statements made about the **INCIDENT** by any individual at the scene; and
(d) who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure section 2034).

**12.2** Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **INCIDENT?** If so, for each individual state:

(a) the name, **ADDRESS,** and telephone number of the individual interviewed;
(b) the date of the interview; and
(c) the name, **ADDRESS,** and telephone number of the **PERSON** who conducted the interview.

**12.3** Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **INCIDENT?** If so, for each statement state:

(a) the name, **ADDRESS,** and telephone number of the individual from whom the statement was obtained;
(b) the name, **ADDRESS,** and telephone number of the individual who obtained the statement;
(c) the date the statement was obtained; and
(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original statement or a copy.

**DISC-001**

☐ 12.4 **Do YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

(a) the number of photographs or feet of film or videotape;

(b) the places, objects, or persons photographed, filmed, or videotaped;

(c) the date the photographs, films, or videotapes were taken;

(d) the name, **ADDRESS,** and telephone number of the individual taking the photographs, films, or videotapes; and

(e) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

☐ 12.5 **Do YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) concerning the **INCIDENT**? If so, for each item state:

(a) the type (i.e., diagram, reproduction, or model);

(b) the subject matter; and

(c) the name, **ADDRESS,** and telephone number of each **PERSON** who has it.

☐ 12.6 Was a report made by any **PERSON** concerning the **INCIDENT**? If so, state:

(a) the name, title, identification number, and employer of the **PERSON** who made the report;

(b) the date and type of report made;

(c) the name, **ADDRESS,** and telephone number of the **PERSON** for whom the report was made; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the report.

☐ 12.7 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT**? If so, for each inspection state:

(a) the name, **ADDRESS,** and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and

(b) the date of the inspection.

**13.0 Investigation—Surveillance**

☐ 13.1 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each surveillance state:

(a) the name, **ADDRESS,** and telephone number of the individual or party;

(b) the time, date, and place of the surveillance;

(c) the name, **ADDRESS,** and telephone number of the individual who conducted the surveillance; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

☐ 13.2 Has a written report been prepared on the surveillance? If so, for each written report state:

(a) the title;

(b) the date;

(c) the name, **ADDRESS,** and telephone number of the individual who prepared the report; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy.

**14.0 Statutory or Regulatory Violations**

☐ 14.1 **Do YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT**? If so, identify the name, **ADDRESS,** and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

☐ 14.2 Was any **PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT**? If so, for each **PERSON** state:

(a) the name, **ADDRESS,** and telephone number of the **PERSON;**

(b) the statute, ordinance, or regulation allegedly violated;

(c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and

(d) the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

**15.0 Denials and Special or Affirmative Defenses**

☐ 15.1 Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:

(a) state all facts upon which you base the denial or special or affirmative defense;

(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**16.0 Defendant's Contentions—Personal Injury**

☐ 16.1 Do you contend that any **PERSON,** other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON:**

(a) state the name, **ADDRESS,** and telephone number of the **PERSON;**

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.2 Do you contend that plaintiff was not injured in the **INCIDENT**? If so:

(a) state all facts upon which you base your contention;

(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

DISC-001

16.3  Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the **INCIDENT**? If so, for each injury:

(a) identify it;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.4  Do you contend that any of the services furnished by any **HEALTH CARE PROVIDER** claimed by plaintiff in discovery proceedings thus far in this case were not due to the **INCIDENT**? If so:

(a) identify each service;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.5  Do you contend that any of the costs of services furnished by any **HEALTH CARE PROVIDER** claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:

(a) identify each cost;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.6  Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the **INCIDENT**? If so:

(a) identify each part of the loss;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.7  Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the **INCIDENT**? If so:

(a) identify each item of property damage;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.8  Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:

(a) identify each cost item;
(b) state all facts upon which you base your contention;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

16.9  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the **INCIDENT** by a plaintiff in this case? If so, for each plaintiff state:

(a) the source of each **DOCUMENT**;
(b) the date each claim arose;
(c) the nature of each claim; and
(d) the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

16.10  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a **HEALTH CARE PROVIDER** not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)? If so, for each plaintiff state:

(a) the name, **ADDRESS**, and telephone number of each **HEALTH CARE PROVIDER**;
(b) a description of each **DOCUMENT**; and
(c) the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

**17.0 Responses to Request for Admissions**

17.1  Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a) state the number of the request;
(b) state all facts upon which you base your response;
(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and
(d) identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**18.0** *[Reserved]*

**19.0** *[Reserved]*

**20.0 How the Incident Occurred—Motor Vehicle**

20.1  State the date, time, and place of the **INCIDENT** (closest street **ADDRESS** or intersection).

20.2  For each vehicle involved in the **INCIDENT**, state:

(a) the year, make, model, and license number;
(b) the name, ADDRESS, and telephone number of the driver;

(c) the name, **ADDRESS,** and telephone number of each occupant other than the driver;

(d) the name, **ADDRESS,** and telephone number of each registered owner;

(e) the name, **ADDRESS,** and telephone number of each lessee;

(f) the name, **ADDRESS,** and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

☐ 20.3 State the **ADDRESS** and location where your trip began and the **ADDRESS** and location of your destination.

☐ 20.4 Describe the route that you followed from the beginning of your trip to the location of the **INCIDENT,** and state the location of each stop, other than routine traffic stops, during the trip leading up to the **INCIDENT.**

☐ 20.5 State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the **INCIDENT** for the 500 feet of travel before the **INCIDENT.**

☐ 20.6 Did the **INCIDENT** occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

☐ 20.7 Was there a traffic signal facing you at the time of the **INCIDENT?** If so, state:
(a) your location when you first saw it;
(b) the color;
(c) the number of seconds it had been that color; and
(d) whether the color changed between the time you first saw it and the **INCIDENT.**

☐ 20.8 State how the **INCIDENT** occurred, giving the speed, direction, and location of each vehicle involved:
(a) just before the **INCIDENT;**
(b) at the time of the **INCIDENT;** and (c) just after the **INCIDENT.**

☐ 20.9 Do you have information that a malfunction or defect in a vehicle caused the **INCIDENT?** If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS,** and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and
(d) state the name, **ADDRESS,** and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the **INCIDENT?** If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS,** and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS,** and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.11 State the name, **ADDRESS,** and telephone number of each owner and each **PERSON** who has had possession since the **INCIDENT** of each vehicle involved in the **INCIDENT.**

**25.0** *[Reserved]*

**30.0** *[Reserved]*

**40.0** *[Reserved]*

**50.0 Contract**

☐ 50.1 For each agreement alleged in the pleadings:
(a) identify each **DOCUMENT** that is part of the agreement and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(b) state each part of the agreement not in writing, the name, **ADDRESS,** and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;
(c) identify all **DOCUMENTS** that evidence any part of the agreement not in writing and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(d) identify all **DOCUMENTS** that are part of any modification to the agreement, and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(e) state each modification not in writing, the date, and the name, **ADDRESS,** and telephone number of each **PERSON** agreeing to the modification, and the date the modification was made;
(f) identify all **DOCUMENTS** that evidence any modification of the agreement not in writing and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT.**

☐ 50.2 Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

☐ 50.3 Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

☐ 50.4 Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

☐ 50.5 Is any agreement alleged in the pleadings unenforceable? If so, identify each unenforceable agreement and state why it is unenforceable.

☐ 50.6 Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

**60.0** *[Reserved]*

**FORM INTERROGATORIES—GENERAL**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18, and not a party to the within action.  My business address is 17901 Von Karman Ave., 10th Floor, Irvine, CA 92614.

     On September 7, 2012, I served the foregoing document(s) described as: **FORM INTERROGATORIES – GENERAL, SET ONE, TO PLAINTIFF LASHAN EPPERSON** on the interested parties by placing a true copy thereof in a sealed envelope(s) addressed as follows:

Don D. Sessions, Esq.
Michael C. Robinson, Esq.
SESSIONS & KIMBALL, LLP
23456 Madero, Suite 170
Mission Viejo, CA 92691
T: 949.380.0900 | F: 949.380.8283
Email: dds@job-law.com
Email: mcr@job-law.com

☒    (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California.  I am readily familiar with the practice of Michelman & Robinson LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is scheduled for collection.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    (BY PERSONAL SERVICE) I delivered to an authorized courier or driver authorized by ASAP Corporate Services to receive documents to be delivered on the same date.  A proof of service signed by the authorized courier will be maintained in this office and available for inspection upon reasonable demand.

☐    (BY OVERNIGHT MAIL) I am readily familiar with the practice of Michelman & Robinson LLP for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express/United Postal Service/Overnite Express in Irvine, CA for overnight delivery.

☐    (BY FACSIMILE WHERE INDICATED)  The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error.  Pursuant to C.R.C. 2009(I), I caused the transmitting facsimile machine to issue a transmission report, a copy of which is maintained in this office and is available for inspection upon reasonable demand.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on September 7, 2012, at Irvine, California.

Mary Ann Rosada

1

**PROOF OF SERVICE**

137038

1  **SESSIONS & KIMBALL LLP**
   **Attorneys at Law**
2  Michael C. Robinson, State Bar No. 233914
   23456 Madero, Suite 170
3  Mission Viejo, California  92691
   Tel: (949) 380-0900
4  Fax: (949) 380-8283
   Email: mcr@job-law.com
5
6  Attorneys for PLAINTIFF
   LASHAN EPPERSON
7
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                        COUNTY OF RIVERSIDE
10
   LASHAN EPPERSON, an individual,        )   CASE NO.:    CASE NO.: RIC1207053
11                                         )   Assigned for all purposes to the Honorable
                                           )   Judge: Pamela A. Thatcher
12              PLAINTIFF,                  )   Dept.: 04
                                           )
13      v.                                 )   **PLAINTIFF, LASHAN EPPERSON'S**
                                           )   **RESPONSES TO FORM**
14                                         )   **INTERROGATORIES – GENERAL, SET**
   PAYCHEX NORTH AMERICA, INC., a          )   **ONE PROPOUNDED BY DEFENDANT,**
15 Delaware corporation doing business in  )   **PAYCHEX NORTH AMERICA, INC.**
   California; DAVID DARE, an individual;  )
16 and DOES 1-50, inclusive,               )   Complaint Filed:  May 10, 2012
                                           )   Trial Date:       Not Yet Set
17              DEFENDANTS.                 )
                                           )
18                                         )
                                           )
19                                         )

20 PROPOUNDING PARTY:        Defendant  PAYCHEX   NORTH   AMERICA,   INC.
21                          ("Defendant")

22 RESPONDING PARTY:        Plaintiff LASHAN EPPERSON ("Plaintiff")

23 SET NUMBER:              One (1)

24      Plaintiff LASHAN EPPERSON ("Plaintiff") responds to the First Set of Form
25 Interrogatories – Employment Law propounded by Defendant PAYCHEX NORTH AMERICA,
26 INC. ("Defendant") as follows:
27
28

   _____
   **LASHAN EPPERSON'S RESPONSES TO FORM INTERROGATORIES – GENERAL, SET ONE**

### PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action. Each answer is subject to all objections as to competency, relevancy, materiality, propriety and admissibility, and any and all other objections on grounds that would require the exclusion of any statement contained herein if any interrogatories were asked of, or any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial. In responding to the Interrogatories, Plaintiff has conducted a reasonable search and review of the records and documents available to it. To the extent that the Interrogatories, or any portion thereof, seek to require Plaintiff to take any action other than the aforesaid reasonable investigation, Plaintiff further objects to the Interrogatories on the grounds that it is unduly burdensome, oppressive and constitute harassment. Plaintiff expressly reserves the right to provide further responses and documents which are obtained from information independent of Plaintiff's records and from information and/or documents which may come to light in the future. In responding to the Interrogatories, Plaintiff has not fully completed its investigation of the facts relating to this case, and has not fully completed its discovery in this action, and has not completed preparation for trial.

All of the responses contained herein are based only on the information and documents presently available to Plaintiff and specifically known to Plaintiff. It is anticipated that further discovery, independent investigation and analysis will supply additional information. These introductory comments shall apply to each and every response given herein and shall be incorporated by reference as though fully set forth in each of the responses appearing on the following pages. Therefore, the following responses are given without prejudice to Plaintiff's right to provide further responses.

### GENERAL OBJECTIONS

1. Plaintiff objects to these Interrogatories, and each of them, to the extent the Interrogatories impermissibly and prematurely seek information and/or documents relating to the merits of the claims as opposed to the class certification requirements, such that the

LASHAN EPPERSON'S RESPONSES TO FORM INTERROGATORIES – GENERAL, SET ONE

Interrogatories lack good cause and impermissibly seek information and/or documents which are not relevant at this time to this action nor reasonably calculated to lead to the discovery of admissible evidence in this action.

2. Plaintiff objects to these Interrogatories, and each of them, to the extent the Interrogatories seek information protected by the attorney/client privilege and/or the attorney work-product doctrine.

3. Plaintiff objects to these Interrogatories, and each of them, to the extent the Interrogatories are overly broad as to time and scope, unduly burdensome and oppressive, and seeks information which is not relevant to the subject matter of this litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to these Interrogatories, and each of them to the extent the Interrogatories seek confidential documents and/or information the disclosure of which would constitute an unwarranted invasion of constitutionally and statutorily protected rights to business and/or personal privacy and confidentiality, and/or trade secrets or other confidential information or documents.

5. Plaintiff objects to these Interrogatories, and each of them, to the extent the Interrogatories seek information which is in the possession of Plaintiff and/or available to all parties equally, and is therefore unduly oppressive and burdensome to Plaintiff.

6. Plaintiff objects to these Interrogatories, and each of them, to the extent the Interrogatories necessitate the preparation or the making of a compilation, abstract, audit or summary of or from documents of the party to whom the Interrogatories are directed, and that the burden and/or expense of preparing or making it would be substantially the same for the propounding party.

7. Plaintiff objects to these Interrogatories, and each of them, to the extent the Interrogatories are not full and complete in and of themselves and refer to outside documents or require references to preceding or other interrogatories.

LASHAN EPPERSON'S RESPONSES TO FORM INTERROGATORIES – GENERAL, SET ONE

8.     Subject to and without waiving these General Objections, or any other objections or claims of privilege, Plaintiff hereby responds and objects to Plaintiff's First Set of Form Interrogatories, as follows:

### RESPONSES TO INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 1.1**

Lashan Epperson and Michael C. Robinson, Sessions & Kimball, LLP 23456 Madero Street, Suite 170, Mission Viejo, CA  92691

**RESPONSE TO INTERROGATORY NO. 2.1**

(a)     LaShan Marie Epperson

(b)     N/A

(c)     N/A

**RESPONSE TO INTERROGATORY NO. 2.2**

August 6, 1969; Los Angeles, CA

**RESPONSE TO INTERROGATORY NO. 2.3**

(a)     California Department of Motor Vehicle

(b)     #C6814288 – Class C

(c)     Issued 07/17/2009

(d)     No Restrictions

**RESPONSE TO INTERROGATORY NO. 2.4**

No.

**RESPONSE TO INTERROGATORY NO. 2.5:**

(a)     846 Robles Place

Corona, CA  92882

(b)     846 Robles Place

Corona, CA  92882

(c)     July, 1999 through Present

**RESPONSE TO INTERROGATORY NO. 2.6:**

(a)     ITT Technical Institute

670 East Carnegie Drive

San Bernardino, CA  92408

(909)806-4600


Corona-Norco Unified School District

2820 Clark Avenue

Norco, CA  92860

(951)736-5000


Apple One Employment Services

1260 Corona Pointe Court, Suite 103

Corona, CA 92879

(951)279-1100


(b)    Apple One Employment Services            Admissions Representative

1260 Corona Pointe, Suite 103              08/2012 - Present

Corona, CA  92879

(951)279-1100

Nature of Work:  Part-time/ temporary assignment in a call center.  Directing prospects to Advisors who are suited to evaluate readiness for academic programs of study.


Corona-Norco Unified School District        Substitute Teacher

2820 Clark Avenue                     11/2010 - Present

Norco, CA  92860

(951)736-5000

Nature of Work:  On-Call, provide instruction to students in primary education; grades Kindergarden-6th.

LASHAN EPPERSON'S RESPONSES TO FORM INTERROGATORIES – GENERAL, SET ONE

ITT Technical Institute                   Adjunct Instructor

670 East Carnegie Drive                   11/2008 – Present

San Bernardino, CA  92860

(951)736-5000

Nature of Work:  Part-time, provide instruction to students pursuing two and four year degrees.  Primary instruction in the realm of Supervision Principles, Ethics and Professional Development.


G&K Services                              Sales Representative

2811 East Philadelphia Street             01/2008 – 11/2008

Ontario, CA  91761

(909)673-0179

Nature of Work:  Sold linen and uniforms to businesses.


ADP TotalSource                           District Manager

7000 Village Drive                        06/2005 – 12/2007

Buena Park, CA  90621

(714)690-7000

Nature of Work:  A Professional Employers Organization (PEO).  Assisted in the establishment of a new business unit.  Consulted with small and medium sized business owners in an effort to sale employee management systems.

**RESPONSE TO INTERROGATORY NO. 2.7:**

(a)      Inglewood High School

          231 South Grevillea Avenue

          Inglewood, CA  90301


          El Camino College

          16007 Crenshaw Boulevard

- 6 -

Torrance, CA  90506

California State University, Fullerton

800 North State College Boulevard

Fullerton, CA  92831

Cypress College

9200 Valley View Street

Cypress, CA  90630

Orange Coast College

2701 Fairview Road

Costa Mesa, CA  92626

Coastline Community College

2990 Mesa Verde Drive East

Costa Mesa, CA  92626

University of Redlands

200 Sandpointe Avenue, Suite 300

Santa Ana, CA  92707

| | | |
|---|---|---|
| (b) | Inglewood High School | 09/1983 – 06/1987 |
| | El Camino College | Summer 87' |
| | California State University, Fullerton | 08/1987 – 06/1990 |
| | Cypress College | Summer 90' |
| | Orange Coast College | Fall 01' |
| | Coastline Community College | Winter 02' |

- 7 -

LASHAN EPPERSON'S RESPONSES TO FORM INTERROGATORIES – GENERAL, SET ONE

| University of Redlands | 07/1998 –11/2001 |
| University of Redlands | 06/2003 – 05/2005 |

(c)    Graduate Level

(d)    Master of Business Administration (MBA), 05/2005

Bachelor of Science, Business and Management (BSBAM), 12/2002

**RESPONSE TO INTERROGATORY NO. 2.8**

No.

**RESPONSE TO INTERROGATORY NO. 2.9**

Yes.

**RESPONSE TO INTERROGATORY NO. 2.10**

Yes.

**RESPONSE TO INTERROGATORY NO. 2.11**

Objection.  The term "INCIDENT" as defined, is overbroad, vague, and ambiguous as to this particular action.   Without waiving said objections, Plaintiff responds as follows: Not to Responding Party's present knowledge.  Discovery is continuing.

**RESPONSE TO INTERROGATORY NO. 2.12**

Objection.  The term "INCIDENT" as defined, is overbroad, vague, and ambiguous as to this particular action.   Without waiving said objections, Plaintiff responds as follows: Not to responding party's present knowledge.  Discovery is continuing.

**RESPONSE TO INTERROGATORY NO. 2.13**

Objections:  This Interrogatory calls for expert witness information outside the parameters of CCP § 2034.010 et. seq.  This Interrogatory calls for confidential, private medical information of the Plaintiff.  This interrogatory is vague and ambiguous as to which specific INCIDENT Defendant is referring.  Without waiving said objections, Plaintiff hereby responds as follows:  Not to Responding Party's present knowledge.   Discovery is continuing.

**LASHAN EPPERSON'S RESPONSES TO FORM INTERROGATORIES – GENERAL, SET ONE**

**RESPONSE TO INTERROGATORY NO. 11.1**

Objections:  This Interrogatory calls for confidential, private financial and medical information of the Plaintiff.  This interrogatory is vague and ambiguous as to which specific INCIDENT Defendant is referring.  Without waiving said objections, Plaintiff hereby responds as follows:  No.

**RESPONSE TO INTERROGATORY NO. 11.2**

Objections:  This Interrogatory calls for confidential, private financial and medical information of the Plaintiff.  This interrogatory is vague and ambiguous as to which specific INCIDENT Defendant is referring.  Without waiving said objections, Plaintiff hereby responds as follows:  No.

DATED: October 12, 2012                    **SESSIONS & KIMBALL LLP**

By: _____
MICHAEL C. ROBINSON
Attorneys for Plaintiff
LASHAN EPPERSON

LASHAN EPPERSON'S RESPONSES TO FORM INTERROGATORIES – GENERAL, SET ONE

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

I have read the foregoing Plaintiff's Responses to Form Interrogatories-General, Set One Propounded by Paychex North America, Inc, _____ and know its contents.

### CHECK APPLICABLE PARAGRAPHS

[ X ]   I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I am [ ] an Officer [ ] a partner _____ [ ] a _____ of _____

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.  [ ] I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.  [ ] The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ] I am one of the attorneys for _____
a party to this action.  Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason.  I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on _____October 15, 2012____, at ____Corona____, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Lashan Epperson
Type or Print Name                                                        Signature

## PROOF OF SERVICE
1013a (3) CCP Revised 0/1/88

STATE OF CALIFORNIA, COUNTY OF _____

I am employed in the county of _____, State of California.
I am over the age of 18 and not a party to the within action, my business address is: _____

On, _____, I served the foregoing document described as _____

_____ on _____, _____ in this action

by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
by placing    the original    a true copy thereof enclosed in sealed envelopes addressed as follows,

**BY MAIL**
    *I deposited such envelope in the mail at _____, California
The envelope was mailed with postage thereon fully prepaid.
        As follows  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
Executed on _____, at _____, California.
    **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.
Executed on _____, at _____, California.
(State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
(Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____                          _____
Type or Print Name                          Signature
                                            *(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN
                                            MAIL SLOT BOX OR BAG)
                                            **(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
Plus                Rev. 7/09

**PROOF OF SERVICE**

LaShan Epperson v. Paychex North America Inc., et al
Riverside Superior Court Case No. RIC1207053

I, Crystal Byrum, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 23456 Madero, Suite 170, Mission Viejo, CA 92691.  On October 12, 2012, I served the within document(s):

**PLAINTIFF, LASHAN EPPERSON'S RESPONSES TO DEFENDANT, PAYCHEX NORTH AMERICA, INC.'S FORM INTERROGATORIES-GENERAL, SET ONE**

☐ **E-MAIL:**  By transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☒ **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this firm's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **REGULAR U.S. MAIL:**  Each such envelope was deposited with the U.S. Postal Service at Mission Viejo, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Mission Viejo, California, with Express Mail postage paid.

☐ **PERSONAL SERVICE:**  By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Megan Ross, Esq.
MICHELMAN & ROBINSON                    [Counsel for Defendant **PAYCHEX**
17901 Von Karman Avenue, 10th Floor     **NORTH AMERICA INC.**]
Irvine, CA 92614
**T** 714.557.7990   **F** 714.557.7991
**E** mross@mrllp.com  www.mrllp.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on October 12, 2012, at Mission Viejo, California.

CRYSTAL BYRUM

1

**PROOF OF SERVICE**